UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SYLVIA CRAIG, ET AL.,**

   Plaintiffs,

v.   No. 4:24-cv-00562-P

**TARRANT COUNTY SHERIFF'S OFFICE,
ET AL.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are two Motions to Dismiss (ECF Nos. 17, 18). For the reasons set out below, Tarrant County Sheriff's Office ("TCSO")'s Motion to Dismiss (ECF No. 17) is **GRANTED** and Deputy Sheriff W.B. Travis ("Deputy Travis"), Deputy Sheriff A.C. Caracciolo ("Deputy Caracciolo") (collectively the "Deputies")'s Motion to Dismiss (ECF No. 18) is **GRANTED in part** with regard to the official capacity claims and **DENIED in part** with regard to the individual capacity claims.

## BACKGROUND

Plaintiffs Sylvia Craig and Devan D. Webb ("Plaintiffs") brought this suit on behalf of Kemal Shea, Jr. ("Shea")'s estate. On June 23, 2022, several Tarrant County Sheriff's Officers arrived at Shea's residence and attempted to execute an arrest warrant against Shae for the felony offense of aggravated assault with a deadly weapon. ECF No. 4. Tragically, while the officers were attempting to execute the warrant an incident arose, and Shae was shot and killed. Plaintiffs seek to vindicate Shea's Fourth Amendment rights by suing the Deputies and TCSO under 42 U.S.C. § 1983. *Id.*

While it is undisputed that Shae was shot and killed and that his house was engulfed in flames, the Parties disagree on the circumstances leading to his death. Defendants contend that "instead of peacefully surrendering to the officers attempting to serve an arrest warrant, Shea

1

repeatedly shot at various Tarrant County Sheriff's Office employees and other first responders, threw an incendiary device out of his residence (catching the residence on fire), and endangered himself, the officers, and the surrounding public." ECF No. 8 at 1.

In contrast, Plaintiffs assert that Shea did not possess any firearms, and that during the attempted arrest, the Deputies "push[ed] the cars to the back of Shea's residence, punctured the car's gas tanks . . . and the deputy sheriffs then ignited the gasoline leaking from the cars, while Shea was seized and restrained in his residence." ECF No. 4 at 6.

## LEGAL STANDARD

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509

F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678.

**B. Qualified Immunity**

The doctrine of qualified immunity "protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)). "This immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id*. "Accordingly, we do not deny immunity unless 'existing precedent [has] placed the statutory or constitutional question beyond debate.'" *Id.* at 599–600 (citation omitted). To overcome qualified immunity, a plaintiff must show: "(1) that the official violated a statutory or constitutional right; and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* at 600.

"If the defendant's actions violated a clearly established constitutional right" courts examine "whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (internal quotations omitted) (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)). Courts must focus on the state of the law at the time of the incident and whether it provided fair warning to the defendant that his conduct was unconstitutional. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). The caselaw must establish beyond debate that the officer's conduct violated then-clearly established law. *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020). Plaintiffs must "identify a case in which an officer acting under similar circumstances was held to [have committed a constitutional violation] and explain why the case clearly proscribed the conduct of the officer." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) (cleaned up). "It is the

3

plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quoting *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018)).

Though this test appears to be straightforward, its application in the Fifth Circuit is often a morass of unpredictability. *Compare Crane v. City of Arlington*, 50 F.4th 453, 458–60, 462 (5th Cir. 2022) (relying in part on extra-record sources such as The New York Times and The Guardian in finding no qualified immunity for an officer's use of deadly force where suspect resisted arrest and ran over another officer with his vehicle) *with Ramirez v. Guadarrama*, 844 F. App'x 710, 712–17 (5th Cir. 2021) (holding that qualified immunity barred suit when officers found a suspect doused in gasoline, knew their tasers would ignite him, and quickly tased him, "causing him to burst into flames"). This uneasy analysis has been called the "QI dance." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

## ANALYSIS

### A. TCSO's Motion to Dismiss

As discussed above, Plaintiffs bring this suit against the Deputies and TCSO. ECF No. 4. Specifically, Plaintiffs claim that the "[o]ffice's policy or custom enabled its agents and employees to act with deliberate indifference to Shea's constitutional rights." *Id.* at 16. TCSO moves to dismiss all of Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) because "it is a non-jural entity." ECF No. 17. Plaintiffs' Response wholly fails to address TCSO's argument for dismissal. *See* ECF No. 20.

A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit. *See id.* at 312, 314. The capacity to initiate or be subjected to a lawsuit is determined by the law of the state where the district court is located. *See id.*; FED. R. CIV. P. 17(b)(3). "In Texas, county sheriff's

4

departments . . . are not legal entities capable of being sued in the absence of express action by the superior corporation . . . 'to grant the servient agency with jural authority.'" *Reynolds v. City of Poteet*, No. SA:12-cv-01112-DAE, 2013 WL 594731, at *10 (W.D. Tex. Feb. 15, 2013) (quoting *Darby*, 939 F.2d at 313). *Darby* also makes clear that it is incumbent on the plaintiff to allege that the entity seeking to be sued has taken "explicit steps" to grant it jural authority. *See Darby*, 939 F.2d at 313–14.

Here, Plaintiffs have failed neglected to allege or demonstrate that TCSO is a jural entity. Thus, the Court concludes that TCSO is a non-jural entity under Texas law and, thus, is not subject to suit. *See Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 4:21-cv-0910-O, 2022 WL 426593 at *8 (N.D. Tex. Feb. 11, 2022) ("[T]he Tarrant County Sheriff's Office is a non-jural entity . . . ."). Accordingly, the Court **GRANTS** TCSO's Motion to Dismiss and the claims against it are hereby **DISMISSED**.

**B. The Deputies's Motion to Dismiss**

Turning now to the Deputies's Motion to Dismiss, the Deputies move to dismiss all of Plaintiffs' claims against them based on the doctrine of qualified immunity.[1] ECF No. 18. As discussed above, the Parties present vastly different facts to support their respective positions. The Deputies have seemingly provided objective and compelling evidence that Plaintiffs' version of the facts is patently false. However, the Court is required to take the pleading as true for the purposes of a motion to dismiss and has been unable to find a case permitting it to shuck that requirement, at this stage, even when it is presented with clear and objective evidence that controverts Plaintiffs' pleading.[2] Because it is

---

[1]The Court notes that Plaintiffs also bring claims against the Deputies in their official capacities. While the Deputies raise argument for why the official capacity claims should be dismissed, Plaintiffs wholly fail to respond to the argument. Having reviewed the argument and applicable law, the Court finds that the official capacity claims against the Deputies should be **DISMISSED** for the reasons stated in their brief.

[2]Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney [] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have

well established "that it is unreasonable for an officer to 'seize an unarmed, nondangerous suspect by shooting him dead,'" and Plaintiffs have pled just that, the Court must deny the Deputies Motion to Dismiss. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)). However, it is evident to the Court that the Deputies's arguments are better suited for a Federal Rule of Civil Procedure 56 motion and encourages them to file such a motion within thirty days of this Order.

## CONCLUSION

Based on the foregoing, TCSO's Motion to Dismiss (ECF No. 17) is **GRANTED** and the Deputies's Motion to Dismiss (ECF No. 18) is **GRANTED in part** with regard to the official capacity claims and **DENIED in part** with regard to the individual capacity claims.

**SO ORDERED** on this **15th day of November 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

evidentiary support . . . or will have evidentiary support." The allegations made against the Deputies in this case amount to what could be described as torture and murder. Based on the objective evidence referenced in the motion to dismiss and answer, it appears that those allegations may be unsupported and fanciful. Should the Court discover, at the motion for summary judgment stage, that Plaintiffs' counsel failed to comply with his Rule 11 obligations, the Court will sanction Plaintiffs' counsel up to and including disbarment from this district.

6